UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

SANDRA S.[1],

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

───────────────────────────────

20-CV-1706 (JLS)

## DECISION AND ORDER

On September 21, 2022, this Court issued a Decision and Order granting the Commissioner of Social Security's motion for judgment on the pleadings. Dkt. 17. Plaintiff Sandra S. submitted a *pro se* motion for reconsideration on November 8, 2022, and the Commissioner responded. Dkts. 19, 21. For the reasons discussed below, the Court denies Plaintiff's motion for reconsideration.

## DISCUSSION

The Federal Rules of Civil Procedure "do not recognize a motion for 'reconsideration.'" *Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 28 (W.D.N.Y. 2014) (citing cases). As such, a motion for reconsideration "may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Id.* Rule 60(b) provides relief from a final order, while Rule 59(e) may be used by a party seeking

───────────────────────────────

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

to alter or amend a judgment. *Richard v. Dignean*, 126 F. Supp. 3d 334, 337 (W.D.N.Y. 2015) (quotation marks and citation omitted).

A motion for reconsideration presents "an extraordinary request." *Van Burskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). Courts typically deny motions for reconsideration "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration may be appropriate where the movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See Metzler Investment Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142-43 (2d Cir. 2020) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). A court should not grant a motion for reconsideration "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Here, Plaintiff makes two points in support of her motion for reconsideration. Dkt. 19-1, at 1.[2] First, she argues that the Court was not provided with any evidence "that a cane was medically required." *Id.* Second, Plaintiff asserts that it "ha[s] become nearly impossible" for her to "frequently climb stairs, ramps, ropes, ladders and scaffolds" or to "frequently stoop, balance, crouch, kneel, and crawl."

---

[2] Unless otherwise noted, page references are to the numbering in the footer of each page and not to the numbering automatically generated by CM/ECF.

2

*Id.* Attached to Plaintiff's motion for reconsideration was a letter from her primary care doctor, Harnath Clerk, M.D., stating that Plaintiff had been using a cane since 2016. *Id.* at 4. Also included with Dr. Clerk's letter was a list of all of Plaintiff's diagnoses during the relevant period,[3] with incidences of lower back issues and osteoarthritis in both hips highlighted. *See id.* at 7-16.

To begin, Plaintiff's motion for reconsideration is untimely if the Court construes it as a motion to alter or amend a judgment under Rule 59(e). *See United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 2013); *see also Richard v. Dignean*, 126 F. Supp. 3d 334, 337-38 (W.D.N.Y. 2015) (construing a motion for reconsideration as a motion to alter or amend a judgment under Rule 59(e) pursuant to the Local Rules of Civil Procedure for the Western District of New York). Motions under Rule 59(e) must be filed no later than 28 days after the entry of judgment, and courts are prohibited from extending this time to act. Fed. R. Civ. P. 59(e); *see* Fed. R. Civ. P. 6(b)(2). Judgment in this case was entered in favor of the Commissioner on September 21, 2022, but Plaintiff did not file her motion for reconsideration until November 7, 2022. *See* Dkts. 17, 19. Under Rule 6(a)(1), the last day on which Plaintiff could have filed her motion under Rule 59(e) was October 19, 2022. Fed. R. Civ. P. 6(a)(1).

---

[3] The relevant period for Plaintiff's Title II application for Disability Insurance Benefits was from December 8, 2015, her alleged onset disability date, through June 30, 2016, her date last insured. *See* Dkt. 10, at 17.

3

If Plaintiff's motion is construed as a motion for relief from a judgment or order under Rule 60(b)(6), she has not demonstrated any exceptional circumstances entitling her to relief. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)) (noting that Rule 60(b) motions are "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances.") (internal quotation marks omitted). Plaintiff has not pointed to any intervening change in controlling law, and neither Dr. Clerk's letter, stating that Plaintiff has been using a cane since 2016, nor the attached diagnosis list constitutes new evidence. *See* Dkt. 12-1, at 7 ("On February 19, 2016, [Plaintiff] treated with Dr. Clerk for preoperative clearance. **She was prescribed a cane to assist in ambulation**.") (internal citations omitted) (emphasis in original); *see also* Dkt. 10, at 465-935 (pages in the administrative record from Dr. Clerk's treatment of Plaintiff during the relevant period).

This Court has already ruled on whether Plaintiff's use of a cane was medically necessary. *See* Dkt. 17, at 9 ("Here, the medical record does not establish the need for use of a cane."). And Plaintiff did not challenge the specific findings in the ALJ's ultimate RFC[4] determination in her motion for judgment on the pleadings. *See* Dkt. 12-1. Even if Plaintiff's current ability no longer matches the

---

[4] A claimant's residual functional capacity ("RFC") is "the most work a claimant can still do despite limitations from an impairment and/or its related symptoms." *Riederer v. Comm'r of Soc. Sec.*, 464 F. Supp. 3d 499, 503 (W.D.N.Y. 2020) (quoting *Farnham v. Astrue*, 832 F. Supp. 2d 243, 263 (W.D.N.Y. 2011)) (internal quotation marks and citation omitted).

4

ALJ's RFC determination, this is irrelevant because the ALJ evaluated whether Plaintiff was disabled between December 8, 2015, her alleged disability onset date, and June 30, 2016, her date last insured. Dkt. 10, at 23; *see* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022). Plaintiff's motion for reconsideration, therefore, is an impermissible attempt to take a "second bite at the apple" and must be denied. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (internal citations omitted).

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's motion for reconsideration (Dkt. 19). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   January 9, 2023
         Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE